IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HALL-MOTEN, ) | |
| JOSEPH HALL (Deceased) ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05 C 5510 |
| ) | |
| STATE OF ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, DR. KEVIN SMITH, M.D., ) | |
| DR. ARTHUR D. FUNK, M.D., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

*Pro se* Plaintiff Elizabeth Hall-Moten ("Hall-Moten"), filed an complaint on September 23, 2005 on behalf of herself, and her deceased son Joseph Hall, ("Hall"), against defendants State of Illinois Department of Corrections ("Department of Corrections"), Dr. Kevin Smith, M.D. ("Dr. Smith"), and Dr. Arthur D. Funk. M.D. ("Dr. Funk"), alleging federal civil rights violations resulting from the wrongful death of Joseph Hall. (Dkt. No. 1). On October 7, 2005, the Department of Corrections filed a pending motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, ("Rules"). (Dkt. No. 9). Drs. Funk and Smith filed pending motions to dismiss on October 14, 2005 pursuant to Rule 12(b)(5). (Dkt. Nos. 12, 13). For the reasons set forth below, the Illinois Department of Corrections' motion is granted and the Department of Corrections is dismissed as a defendant in this case. Dr. Smith's and Dr. Funk's motions are denied. The documents purporting to be return of service filed on September 26, 2005 reflect ineffective attempts at service of process as to Drs. Smith and Funk. Plaintiff Hall-Moten must properly effectuate service of process under Rule 4 on Drs. Smith and Funk

and file the return of service within 7 days thereof.

BACKGROUND

A. The Parties Cross Motions to Dismiss

Before addressing the substance of the defendants' motions, this court must briefly review the parties' briefing on these motions in order to correct a clerical issue. Hall-Moten filed her responses to the defendants' respective motions on October 18, 2005 and October 20, 2005. (Dkt. Nos. 15, 17, 18). Although these filings were Hall-Moten's responses to the defendants' prior motions to dismiss, she captioned her responses as motions, and properly noticed her motions for presentment at this court's October 27, 2005 motions call. Since these "motions" are actually responses to the defendants' prior motions to dismiss, this court need not rule on Hall-Moten's October 18th and 20th motions independently.[1] Instead, the court will consider these documents as Hall-Moten's responses. Therefore, Hall-Moten's "motions" of October 18 and October 20, 2005 are moot. (Dkt. Nos. 15, 17, 18).

B. Factual Background

Hall-Moten's complaint alleges that she is the mother of the decedent, Joseph Hall. (Dkt. No. 1 at ¶ 4). Joseph Hall, age 23, died on April 9, 2005. (*Id.* at ¶ 4). From October 1999 until his death, Hall was incarcerated by the Department of Corrections. (*Id.* at ¶ 12). In 2001, while incarcerated at Logan Correctional Facility, Hall started experiencing back pains and a small bump on his back. (*Id.* at ¶ 14). Hall sought medical treatment for his ailment from prison officials and received, in response, a muscle rub cream and ibuprofen. (*Id.*) Hall continued to

---

[1] This court did, however, adjust the briefing schedule to allow Hall-Moten to have the final reply on the defendants' motions to dismiss. (Dkt. No. 23).

have back pain through 2001 and 2002 as the lump in his back gradually increased in size. (*Id.* at ¶¶ 14-15). In addition to Hall's request for medical attention, another inmate, James Smith, also sought medical attention for Hall in February 2002. (*Id.* at 16). During the period between 2001 and August 2002, Hall never received medical treatment, beyond the ibuprofen and muscle rub, from prison officials. (*Id.* at ¶ 17). Hall was imprisoned at the Logan Correctional Facility, the Pontiac Correctional Facility and Statesville Correctional Facility at various times during this period. (*Id.* at ¶ 14, 15, 18). The individual doctor defendants were medical officials at these correctional facilities.

On September 11, 2002, Hall was admitted to the University of Illinois at Chicago Medical Center ("University of Illinois"), after he experienced seizures and paralysis. (*Id.* at ¶ 23). On October 18, 2002, the doctors at the University of Illinois diagnosed Hall with having a cancerous tumor. (*Id.* at ¶ 23). Hall ultimately died from this cancer.[2]

Hall-Moten's complaint invokes this court's jurisdiction pursuant to the Eighth Amendment, 42 U.S.C. § 1983 and 42 U.S.C. § 1997. (*Id.* at 1). She alleges that defendants inflicted cruel and unusual punishment on Hall and acted with deliberate indifference to his medical condition by denying him adequate medical care over the 18 month period between 2001 and August of 2002 before Hall's cancer was discovered. (*Id.* at 8). In particular, Hall-Moten alleges that the defendants were negligent and "guilty of medical malpractice" for failing to perform x-ray or use additional diagnostic techniques when Hall continued to complain of his

---

[2] Although the complaint is not entirely clear, it appears that Hall had been previously released from the Department of Corrections before his death April 9, 2005. Hall-Moten's complaint focuses on the defendants' alleged failure to address Hall's medical needs in the 2001 - 2002 period when Hall was incarcerated and his cancer had not yet been discovered.

back ailment over the 18 month period. (*Id.* at 11). Hall-Moten's complaint seeks both injunctive and monetary relief.

## ANALYSIS

A. The Department of Corrections' Motion to Dismiss

The Department of Corrections' October 13, 2005 motion seeks dismissal of the complaint under the Eleventh Amendment. Rule 12(b)(1) "provides a defendant a procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks subject-matter jurisdiction." *Davit v. Davit*, 366 F. Supp. 2d 641, 648-49 (N.D. Ill. 2004). "The standard of review for a 12(b)(1) motion to dismiss depends on how [the] defendant frames the motion. If the motion contends that the allegations of jurisdiction are facially insufficient to show jurisdiction, then the 12(b)(1) standard of review mirrors the standard applied for 12(b)(6) motions. But if the motion challenges the truth of the facts alleged, then the court may look beyond the face of the plaintiff's complaint to resolve the factual disputes." *Royal Towing, Inc. v. City of Harvey*, 350 F. Supp. 2d 750, 752 (N.D. Ill. 2004) (internal citations omitted). The Department of Corrections contends that the jurisdictional allegations in the complaint are facially insufficient.

"The Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies." *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994)). "The [Eleventh] Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Hans v. Louisiana*, 134

4

U.S. 1, 13 (1890)). The Illinois Department of Corrections, as an agency of the State of Illinois, is covered by the Eleventh Amendment. *Kroll v. Bd. of Tr. of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Sharp v. Illinois Dep't of Corrections*, No 01 C 50295, 2002 WL 441320, at *1 (N.D. Ill. Mar. 20, 2002). The Eleventh Amendment does not, however, bar suits against state officials in their individual capacity. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1992).

"There are two well-established exceptions to the rule of state sovereign immunity: (1) a state may waive the protections of the Eleventh Amendment and thereby consent to suit in federal court, or (2) Congress may use its enforcement powers under the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity." *Miraki v. Chicago State Univ.*, 259 F. Supp. 2d 727, 730 (N.D. Ill. 2003) (citing *Kroll*, 934 F.2d at 907). "A State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving immunity to suit in the context of a particular federal program." *Blalock v. Illinois Dep't of Human Servs.*, 349 F. Supp. 2d 1093, 1096 (N.D. Ill. 2004) (quoting *Nelson v. Illinois*, 36 F.3d 684, 690 (7th Cir. 1994); *Bartley v. U.S. Dep't of the Army*, 221 F. Supp. 2d 934, 950 (N.D. Ill. 2002)). The state must make a "clear declaration" that is "unequivocally expressed" to waive its Eleventh Amendment sovereign immunity and consent to the federal court's jurisdiction. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 674 (1999) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Great Northern Life Ins. Co v. Read*, 322 U.S. 47, 54 (1944)).

Illinois has established a Court of Claims that "shall have exclusive jurisdiction to hear and determine ... all claims against the State for damages in cases sounding in tort." 705 ILCS 505/8 (d). The establishment of the Court of Claims by the State of Illinois is a manifestation of

5

the State's sovereign immunity.  *See Doe v. Burgos*, 638 N.E.2d 701, 702-03 (Ill. App. Ct. 1994).  Illinois has not waived the protection of sovereign immunity for Eleventh Amendment purposes and therefore this court must proceed to consider whether Congress has properly used its enforcement powers pursuant to § 5 of the Fourteenth Amendment to abrogate Illinois' sovereign immunity.

Although a state has sovereign immunity under the Eleventh Amendment, "Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *see e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).  Hall-Moten's complaint invokes 42 U.S.C. § 1983 and 42 U.S.C. § 1997.  However, this court cannot consider Hall-Moten's claims under 42 U.S.C. § 1983[3] and therefore can only proceed in considering whether Congress properly abrogated Illinois' Eleventh Amendment sovereign immunity pursuant to 42 U.S.C. § 1997.

Title 42, United States Code, Section 1997 was enacted by Congress in 1980 as the Civil Rights of Institutionalized Persons Act ("CRIPA").  94 Stat. 349.  Section 1997 was amended by Congress in the Prison Litigation Reform Act of 1995.  110 Stat. 1321.  Nothing in the plain language of § 1997 gives any indication of any intention by Congress to abrogate sovereign immunity pursuant to § 5 of the Fourteenth Amendment.  As such, the recognized exceptions to

---

[3]  The Seventh Circuit has instructed that "suits against states for damages should be resolved on the ground that they do not come within § 1983, not because states are protected by the Eleventh Amendment."  *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (citations omitted).  Although Hall-Moten's complaint seeks both monetary and injunctive relief, injunctive relief is unavailable to her because Hall died before this lawsuit was filed.

6

Eleventh Amendment immunity do not apply in this case. This court must dismiss the Illinois Department of Corrections from this suit pursuant to the Eleventh Amendment.

B.  Drs. Smith and Funk's Motions to Dismiss

Drs. Smith and Funk motions of October 14, 2005 (Dkt. Nos. 12), seek dismissal of the complaint because Hall-Moten has failed to comply with the requirements of Rule 4 for effectuating service. Hall-Moten filed returns of service on September 26, 2005 for Drs. Smith and Funk. (Dkt. Nos. 5, 6). The docket entry for these returns of service state, "summons returned executed ... answer due 10/17/05." (*Id.*) However, a review of the returns of service filed with the court reveal that service has not been properly effectuated on either Dr. Smith nor Dr. Funk.

"Where defendants challenge the sufficiency of service, the plaintiff bears the burden of making a *prima facie* showing that service was proper." *Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 31369424, at *2 (N.D. Ill. Oct. 18, 2002) (citations omitted). "In considering such a challenge, the court may receive evidence introduced by the parties." *Chatman v. Condell Med. Center*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Apr. 22, 2002).

Rule 4(c)(1) of the Federal Rules of Civil Procedure requires a summons to be served with a copy of the complaint on each defendant in the lawsuit. Fed. R. Civ. P. 4(c)(1). The process of delivering a summons and complaint to the defendant under the Federal Rules is commonly referred to as "service of process." Rule 4(e) states that service of process may only occur: (1) under the law of the state in which the district court is located (in this case Illinois), (2) by delivering a copy of the summons and of the complaint to the individual personally, (3) by leaving copies of the summons and of the complaint at the individual's dwelling house or usual

7

place of abode with some of suitable age and discretion then residing therein, or (4) providing a copy of the summons and complaint to the defendant's authorized agent. Fed. R. Civ. P. 4(e).

The return of service filed with this court demonstrates that Hall-Moten has not properly effectuated service on Drs. Smith and Funk. The service for Dr. Funk was sent by priority mail. (Dkt. No. 5). Personal service was attempted on Dr. Smith at Statesville but was unsuccessful because he no longer workers there. The service for Dr. Smith has been referred to the U.S. Marshal. (Dkt. No. 6).

This case cannot proceed into the substance of the dispute and arrive at decision binding upon the parties until service of process has be properly effectuated under the requirements of Rule 4. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party that the complaint names as defendant."). This court cannot excuse a plaintiff's failure to comply with the service requirements of Rule 4 regardless of whether the defendant has received actual notice or the plaintiff's *pro se* status. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001).

The proper remedy in this instance is to quash the return of service that Hall-Moten recorded with the court on September 26, 2005. (Dkt. Nos. 5, 6). Hall-Moten is within the original 120-day period allowed for service of process pursuant to Rule 4(m) and therefore Drs. Smith and Funk's request for a dismissal pursuant to Rule 12(b)(5) is denied at this time.

This court cannot excuse the plaintiff's requirement to comply with Rule 4 and the defendants are within their rights to demand compliance with Rule 4. However, this court hopes that the defendants, who have actual notice of this lawsuit, will waive service of process and

8

consent to this court's jurisdiction so as to allow the parties to proceed to the merits of this litigation. Additionally, the defendants' failure to agree to any future requests from Hall-Moten to waive service pursuant to Rule 4(d) could result in a later assessment of costs on the defendants.

## CONCLUSION

For the reasons set forth above, defendant Illinois Department of Correction's motion to dismiss for lack of subject matter of October 7, 2005 (Dkt. No. 9), is granted. The Department of Corrections is dismissed as a defendant in this case. Defendant Drs. Funk and Smith's motions to dismiss the complaint pursuant to Rule 12(b)(5) of October 14, 2005 (Dkt. Nos. 12, 13), are denied. The return of service recorded with the court by Hall-Moten on September 26, 2005 (Dkt. No. 5, 6), is quashed. Hall-Moten's motions of October 18, 2005 and October 20, 2005 (Dkt. Nos. 15, 17, 18) are moot.

Hall-Moten must properly effectuate service of process on defendant Drs. Funk and Smith pursuant to the requirements of Rule 4 and file the return of service within 7 days thereof. This case is set for a report on status on December 20, 2005. Counsel for the remaining parties are required to attend.

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
United States District Judge

Date: November 16, 2005

9